**Geoffrey Polk**
7627 Lake St Ste 206 A34
River Forest, IL 60305
(312)929-3861

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **GEOFFREY POLK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: |
| | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| **THE ALASKA DIVISION OF** | ) |
| **INSURANCE, DIVISION DIRECTOR** | ) |
| **LORI WING-HEIER,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Geoffrey Polk ("Polk" or "Plaintiff"), *pro se*, files this Complaint, and hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

2. The Defendant is subject to the personal jurisdiction of this Court because they all are an officer of the state of Alaska and thus resides in the state of Alaska.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this suit occurred in this district.

1

# FACTUAL ALLEGATIONS

4. Polk is an attorney, licensed and in good standing in thirty nine (39) states, including Illinois, Indiana, Texas, Maryland, Florida, the District of Columbia, Wisconsin, North Carolina, North Dakota, Idaho, Georgia, Washington, South Dakota, Arkansas, Iowa, Nebraska, West Virginia, Michigan, Montana, Minnesota, Wyoming, Vermont, Massachusetts, Virginia, Pennsylvania, New Hampshire, Maine, Massachusetts, Colorado, New Mexico, New Jersey, Alaska, Utah, Connecticut, South Carolina, Arizona, Oklahoma, Oregon, and Ohio.

5. Polk holds an active resident Title Producer license in Florida, License No. G098349.

6. Polk holds non-resident Title Producer licenses in Indiana, Wisconsin, North Dakota, West Virginia, Georgia, Maryland, Montana, Pennsylvania, Michigan, Virginia, Tennessee, New Jersey, South Carolina, Colorado, Ohio, North Carolina, Minnesota, Nevada, New Hampshire, Rhode Island, Maine and Vermont as well as Title Examination and Escrow licenses in Utah. Polk holds a non-resident Qualified Title Principal Agent license in Missouri.

7. Polk is a legal resident of the state of Florida and is currently domiciled in Illinois.

8. On or about August 29, 2024, Polk intended to apply for an Alaska non-resident Title Insurance License (hereafter "Title License.")

9. Polk was advised by the Defendant, pursuant to Section 21.66.270 of the Alaska Statutes, he was not eligible for an Title License as he is not a "resident of the state".

10. Polk did not have, nor does he have, any intention to reside in Alaska.

11. Polk is not a bona fide resident of Alaska.

12. Polk desires to obtain his Alaska Title License and is being precluded from the same by Section 21.66.270 of the Alaska Statutes.

13. Obtaining an Alaska Title License is a "fundamental right" and a "common calling" of Polk.

14. The Alaska Division of Insurance, Division Director, Lori Wing-Heier, is charged with making determinations relating to the licensure of Alaska Title Producers.

15. Polk otherwise qualifies for an Alaska Title License absent the residency requirement.

16. Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska is an unconstitutional discrimination against Polk in violation of the Privileges and Immunities Clause of the United States Constitution.

17. Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska is not "closely related to the advancement of a substantial state interest."

18. There is no evidence to indicate that "non-residents" are a "peculiar source of evil" or that Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska is based on or directed at the same.

19. Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska is an unconstitutional discrimination against Polk in violation of the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment, as it lacks any "rational basis."

**COUNT I: DECLARATORY JUDGMENT**

20. Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

21. Polk incorporates by reference all prior paragraphs of the Complaint herein.

22. An actual controversy exists between Polk and Defendant as to Polk's entitlement to an Alaska Title License.

23. The parties have antagonistic claims involved which indicate imminent and inevitable litigation.

24. Defendant asserts a legal right or policy that the Plaintiff adamantly challenges and deny.

25. Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska prevents Polk from receiving an Title License in violation of the Privileges and Immunities Clause of the United States Constitution.

26. Polk requests from this Court a Declaratory Judgment declaring Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska unconstitutional and in violation of the Privileges and Immunities clause of the United States Constitution.

27. Polk requests from this Court a Declaratory Judgment declaring Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska unconstitutional and in violation of the Equal Protection clause of the United States Constitution, as applied to the states via the 14th Amendment.

## COUNT II: INJUNCTIVE RELIEF

28. Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

29. Polk incorporates by reference all prior paragraphs of the Complaint herein.

30. Polk's request from this court injunctive relief ordering the Defendant to cease enforcing Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska in violation of the United States Constitution.

31. Polk requests from this Court an order requiring the Defendant to issue Polk, upon proper application, an Alaska Title License, as required by law, exclusive of any residency requirement.

32. Injunctive relief is necessary because the law precludes the granting to Polk an Alaska Title License as required by law.

33. Polk is being substantially and irreparably harmed by these actions in that Polk is being precluded from practicing his trade as a title agent.

34. Polk has incurred costs in the filing of this action and, should he retain attorneys, will incur attorneys' fees in this action.

WHEREFORE, Polk prays to the end, therefore:

A. THAT, this Honorable Court may pass a judgment against Defendants declaring Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska is unconstitutional and in violation of the Privileges and Immunities clause of the United States Constitution;

B. THAT, this Honorable Court may pass a judgment against Defendants Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska is unconstitutional and in violation of the Equal Protection clause of the United States Constitution, as applied to the states through the 14th amendment;

C. THAT, this Honorable Court may pass an order of injunctive relief commanding and ordering Defendants to refrain from enforcing Section 21.66.270 of the Alaska Statutes requirement that an applicant be a "resident" of Alaska that would require Plaintiff to have any residency within the state;

D. That, this Honorable Court may pass an order to the Defendants requiring them to issue Plaintiff an Alaska Title License, upon proper application, irrespective of any residency requirement;

E. THAT, this Honorable Court may pass a judgment granting Plaintiff costs and reasonable attorney's fees; and

F. THAT, Plaintiff may have such other relief as the nature of this cause of action may require.

*Geoffrey Polk*
Geoffrey Polk, Esq.

7627 Lake St. Ste 206 A34
River Forest, IL 60305
Ph: 312-929-3861
Email : Geoff@geoffreypolk.com